**BENNETT, Plaintiff-Appellee, v. DAYTON MEMORIAL PARK AND CEMETERY ASSOCIATION et al, Defendants-Appellees, WALKER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2070. Decided November 9, 1949.

Howard P. Williamson, Dayton, for plaintiff-appellee.

Cowden, Pfarrer & Crew, Dayton, for The Winters National Bank & Trust Co., defendant-appellee.

Myers, Mills, Boesch & Cline, Dayton, for George R. Walker, appellant.

## OPINION

By WISEMAN, J.:

Submitted on motion of the defendant-appellee, The Winters National Bank and Trust Company of Dayton, to dismiss the appeal of the defendant-appellant, George R. Walker, on questions of law and fact and to retain said appeal only on questions of law.

The action was one in chancery, which was instituted November 24, 1941. A referee was appointed who, after extended hearings, reported his findings of fact and law to which exceptions and motions for new trial were filed and overruled. The referee's report was confirmed in an entry by the Common Pleas Court which was journalized on July 1, 1949. This was a final order from which an appeal could be taken. The appellant, George R. Walker, on July 20, 1949, filed his notice of appeal on law and fact from the judgment entered July 1, 1949. However, no appeal bond was given as required by §12223-6 GC.

The record further shows that on July 5, 1949 the appellant filed his application for rehearing and/or motion for new trial, which was overruled on July 20, 1949. Thereafter, on July 25, 1949, the appellant filed a notice of appeal on questions of law and fact from the final order entered on July 1, 1949 and from the entry overruling the application for re-hearing and/or motion for new trial entered July 20,

1949. On July 25, 1949 an appeal bond in the sum of one thousand dollars was filed.

Inasmuch as this action was instituted in 1941, §11578 and §12223-7 GC, as amended October 11, 1945 have no application. The time within which a motion for new trial was required to be filed is controlled by §11578 GC as it existed prior to the amendment. **Von Gunten v. Coal Company, 147 Oh St 511, 72 N. E. (2d) 253; Wainscott v. Young, 81 Oh Ap 21, 77 N. E. (2d) 102; Heiland v. Hildebrand, 81 Oh Ap 25, 70 N. E. (2d) 678.**

Under §11575 GC, prior to the amendment effective October 11, 1945, a motion for new trial was defined as follows: "A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by jury, **a report of a Referee or Master,** or a decision by the court." (Emphasis ours.) Under the provisions of §11479 GC, the report of the referee stands as the decision of the court, subject to review, and judgment may be entered thereon as if the court had tried the action. **Milling Co. v. Slosser, 140 Oh St 445, 45 N. E. (2d) 306, Vol. 35 O. Jur., 127, Section 44.** In the instant case motions for new trial were properly filed before the referee which were overruled. The motion for new trial filed on July 5, 1949 was not "duly filed" and therefore had no legal force or effect and did not toll the statute with respect to the time within which notice of appeal was required to be filed. See §12223-7 GC, prior to amendment effective October 11, 1945.

Since the motion for new trial which was filed on July 5, 1949 had no legal force or effect to toll the statute it follows that the notice of appeal given on July 25, 1949 from the order overruling the motion for new trial was not filed within time and, likewise, the bond filed on July 25, 1949 was not filed within time and has no legal force or effect. The appellant is required to rest his right to appeal on the notice of appeal given on July 20, 1949. However, the failure to give the appeal bond within time reduces the appeal to one on questions of law. **Sec. 12223-22 GC.**

The Court will make no order with respect to the filing of a bill of exceptions, assignments of error or briefs until such time as counsel in this case have had an opportunity to confer with the Court.

The motion to dismiss the appeal on questions of law and fact will be sustained. The appeal is ordered to stand as an appeal on questions of law.

MILLER, PJ, and HORNBECK, J, concur.